```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
JUAN CARLOS GIRALDO-PEREZ,

                    Petitioner,         08 Civ. 7529 (JGK)

          - against -                   MEMORANDUM OPINION
                                        AND ORDER
UNITED STATES OF AMERICA,

                    Respondent.
─────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The petitioner, Juan Carlos Giraldo-Perez (the "petitioner"), appearing pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He was convicted pursuant to his plea of guilty to one count of conspiracy to import more than one kilogram of heroin into the United States, in violation of 21 U.S.C. § 963. The petitioner claims that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. For the reasons stated below, the petition is denied.

I.

On June 9, 2006, the petitioner pleaded guilty pursuant to a plea agreement (the "Plea Agreement") to one count of conspiracy to import one kilogram or more of heroin into the United States, in violation of 21 U.S.C. § 963. (Plea Tr. 13-14, June 9, 2006; Plea Agreement 1, June 7, 2009.) At the time of the plea, the petitioner was serving a sixteen year sentence

in Colombia arising out of the same underlying conduct.[1]  (Sent. Tr. 3, July 27, 2007.)  At the hearing on petitioner's guilty plea, Chief Judge Mukasey explained that the maximum sentence was life imprisonment and the mandatory minimum sentence was ten years' imprisonment.  (Plea Tr. 9.)  Chief Judge Mukasey also explained that the petitioner faced certain deportation to Colombia at the end of his sentence in the United States and that there was no guarantee that the Colombian courts would give him any credit toward his Colombian sentence for time served in the United States.  (Plea Tr. 10-11.)  Chief Judge Mukasey explained that by the terms of the Plea Agreement, the petitioner was giving up his right to appeal or file a habeas corpus petition provided that he was sentenced within the sentencing guidelines range of 151 to 188 months.  (Plea Tr. 16.)  The petitioner, represented at the time by Henry Edward Mazurek, Esq., swore that he understood the terms of the Plea Agreement, including those described above, and that he signed the Agreement knowingly and voluntarily.  (Plea Tr. 9, 11, 13-14, 16.)  The petitioner also swore that no one had threatened him or forced him to plead guilty.  (Plea Tr. 13.)

---

[1] At the hearing on the petitioner's guilty plea, the petitioner's attorney at the time, Henry Edward Mazurek, stated that Giraldo-Perez was serving a twenty-three year sentence in Colombia. (Plea. Tr. 10.)  The petitioner's attorney at the sentencing hearing, Glenn A. Garber, clarified that he was actually serving a sixteen year sentence, with the possibility of another seven years being imposed for additional charges related to the same conduct.  (Sent. Tr. 3-5.)

2

On July 27, 2007, the petitioner appeared before this Court for sentencing represented by a new attorney.[2] The presentence report indicated that the petitioner's total offense level was 33, his Criminal History Category was II, and the guidelines sentencing range was 151-188 months. (Sent. Tr. 14.) The petitioner requested that the Court not consider his pre-1997 criminal conviction by a United States court in calculating his Criminal History Category because of an extradition treaty between the United States and Colombia. (Sent. Tr. 11.) The Government argued, and the petitioner's attorney conceded, however, that the pre-1997 conviction was properly considered by the Court in calculating the petitioner's Criminal History Category. (Sent. Tr. 12-13.) The Court adopted the presentence report and, taking into account the Colombian prison sentence and the fact that the petitioner spent one year of confinement in Colombia in harsh conditions, sentenced the petitioner to the statutory mandatory minimum of 120 months to be followed by a five-year term of supervised release, and a $100 special assessment. (Sent. Tr. 14-17.)

Notwithstanding the waiver contained in the Plea Agreement, the petitioner filed, pro se, a timely notice of appeal. The Court of Appeals granted the Government's motion for summary

---

[2] The petitioner's case was transferred to this Court following Chief Judge Mukasey's retirement from the bench.

affirmance.  The petitioner subsequently filed a timely § 2255 petition seeking to vacate, set aside or correct his sentence, which was received by the Court's Pro Se Office on August 8, 2008.  The petitioner asserts that he received ineffective assistance of counsel because counsel failed to advise him of his alleged Fifth Amendment right not to be convicted in the United States for the same conduct that was the basis for the conviction in Colombia.  The petitioner also asserts that his guilty plea was not knowing and voluntary because the Court failed to determine whether he understood his rights and that his sentence was improperly enhanced on the basis of his conviction in Colombia.  The Court will address each of the petitioner's arguments in turn.

## II.

The Government argues at the outset that the petitioner's guilty plea and Plea Agreement prohibit this Court from reaching the merits of a challenge to the petitioner's sentence.  See Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008).  The Court of Appeals for the Second Circuit has explained that

> [i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.  Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

4

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993) (per curiam); see also United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (per curiam); Czernicki v. United States, 270 F. Supp. 2d 391, 393 (S.D.N.Y. 2003); Henriquez v. United States, No. 03 Civ. 478, 2003 WL 21242722, at *1 (S.D.N.Y. May 29, 2003).  The waiver, however, does not prevent a defendant from "seek[ing] relief from the underlying plea where the plea was not knowing and voluntary."  United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam); see also Almonte v. United States, Nos. 06 Cr. 460, 08 Civ. 1192, 2008 WL 2755818, at *2 (S.D.N.Y. July 14, 2008).  Moreover, the appeal waiver would not bar a claim of ineffective assistance of counsel directed at agreeing to the plea agreement itself.  "To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary . . . because the advice he received from counsel was not within acceptable standards."  Parisi, 529 F.3d at 138 (internal citations and quotation marks omitted).  As the Parisi court explained:

> An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel. Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does.

5

Id. at 138-39 (internal quotations, citations, and alterations omitted) (emphasis in original).

In Parisi, the court construed the pro se petitioner's submissions "as raising the claim that his attorney was ineffective in advising him to accept the plea agreement rather than advising him to move to dismiss the indictment with prejudice based on alleged Speedy Trial Act violations." Id. at 139. The Parisi court held that "[t]his claim survives the appeal waiver because, by focusing on the advice [the petitioner] received from his attorney, it connects the alleged ineffectiveness of [his] attorney with the voluntary nature of his plea." Id.

In this case, the petitioner's allegations can similarly be read to survive the waiver provision, by focusing on the alleged failure of the petitioner's attorney to advise him of his Fifth Amendment right not to be prosecuted twice for the same conduct. See also Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002) (allowing defendant to bring claim for ineffective assistance of counsel despite guilty plea and plea agreement because he "contest[ed] the constitutionality of the process by which [his] claim of a defective plea agreement was twice denied"); United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995) (per curiam) (allowing defendant to raise statute of

6

limitations defense on appeal despite guilty plea because counsel's failure to inform him of the defense rendered his plea unknowing and unintelligent).  The Court therefore turns to the merits of the petitioner's ineffective assistance of counsel claim.

II.

The petitioner asserts that he received ineffective assistance of counsel on the ground that he would not have entered into the guilty plea if his attorney had advised him that the Double Jeopardy Clause of the Fifth Amendment barred this Court from imposing a prison sentence in light of his conviction in Colombia.

To establish a claim of ineffective assistance of counsel, the petitioner must show both that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).  The petitioner cannot satisfy this test because there is no merit to his double jeopardy argument.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.

7

Under the dual sovereignty doctrine, however, "a defendant in a criminal case may be prosecuted by more than one sovereign without violating principles of double jeopardy." United States v. Arena, 180 F.3d 380, 399 (2d Cir. 1999); see also Heath v. Alabama, 474 U.S. 82, 88 (1985); United States v. Lanza, 260 U.S. 377, 382 (1922). A very narrow exception to this doctrine exists, "where one prosecuting sovereign can be said to be acting as a 'tool' of the other, or where the second prosecution amounts to a 'sham and a cover' for the first." United States v. Aboumoussallem, 726 F.2d 906, 910 (2d Cir. 1984) (quoting Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959)).

Colombia and the United States are separate sovereigns, and as a result their respective prosecutions of the petitioner are subject to the dual sovereignty doctrine. The petitioner offers no basis to conclude that the United States was in any way involved with his conviction in Colombia, or that the current conviction is a sham or cover for the Colombian conviction. There is no basis for the narrow Bartkus exception. Therefore, the petitioner's double jeopardy claim has no merit. Accordingly, the petitioner's counsel was not ineffective for failing to advise him to pursue a double jeopardy defense. Moreover, the existence of the conviction in Colombia was plainly considered by defense counsel and brought to the attention of the Court and the petitioner at the time of the

8

plea. (Plea Tr. 10.) The Court made it clear to the petitioner that there was no assurance that the court in Colombia would give him any credit for time served in the United States. (Plea Tr. 10-11.) Defense counsel used the conviction in Colombia effectively at the sentencing hearing to argue that the Court should take it into account and sentence the petitioner below the stipulated guideline sentencing range. (Sent. Tr. 3-4.) The petitioner's claim for ineffective assistance of counsel is therefore **denied**.

### III.

The petitioner also asserts that his guilty plea was not knowing and voluntary because he did not understand the nature of the charges and because the Court failed to determine whether he understood his rights. Both of these assertions are belied by the transcript of the petitioner's plea hearing.

At the plea hearing, the petitioner confirmed that he had discussed the charge to which he was pleading guilty, along with any possible defenses to that charge, with his attorney. (Plea Tr. 5.) The petitioner further confirmed that he had reviewed the indictment with his attorney and that he understood the nature of the specific charge to which he was pleading guilty as well as the potential penalties for that charge. (Plea Tr. 8-10.) Chief Judge Mukasey explained the charge and the elements that the Government would be required to prove beyond a

reasonable doubt. (Plea Tr. 8.) The petitioner also explained in his own words what he did that established his guilt. (Plea Tr. 17.) Chief Judge Mukasey also undertook a thorough explanation of the petitioner's constitutional rights, which the petitioner claimed to understand. (Plea Tr. 5-7.) The petitioner swore that no one had threatened him or forced him in any way to plead guilty. (Plea Tr. 13.) Chief Judge Mukasey found that the plea was voluntary. (Plea Tr. 19.)

The transcript of the plea hearing demonstrates that Chief Judge Mukasey complied with Rule 11 of the Federal Rules of Criminal Procedure, which ensures that a defendant's guilty plea is knowing and voluntary. See United States v. Vonn, 535 U.S. 55, 62 (2002). The petitioner's contentions that he did not understand the nature of the charge against him and that the court failed to determine whether he understood his rights are without merit. See, e.g., United States v. Fall, Nos. 07 Cr. 127, 07 Civ. 9407, 2008 WL 4779135, at *3 (S.D.N.Y. Oct. 31, 2008) (relying on transcript of plea allocution to hold that requirements of Rule 11 were met and defendant's plea was knowing and voluntary); Parrado v. United States, 207 F. Supp. 2d 230, 236 (2d Cir. 2002) (same). The petitioner's claims are contradicted by his sworn statements at his plea allocation. A defendant's statements at his plea allocution carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74

10

(1977).  Such statements are conclusive absent a credible reason for departing from them.  See United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992); see also Arias v. United States, No. 07 Civ. 4590, 2008 WL 3173403, at *2-3 (S.D.N.Y. July 31, 2008); Rosa v. United States, 170 F. Supp. 2d 388, 403-04 (S.D.N.Y. 2001).  When a defendant pleads guilty, fully understanding the significance of the defendant's guilty plea, "a district court on habeas review may rely on the defendant's sworn statements and hold him to them."  Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004).  The petitioner's claim that the guilty plea was not knowing and voluntary is therefore **denied**.

## IV.

The petitioner's final argument is that his sentence was improperly enhanced on the basis of his conviction in Colombia. He also asserts that his sentence was improperly based on facts, relating to a prior conviction in the Southern District of Texas, that were proven by a preponderance of the evidence rather than beyond a reasonable doubt.  Aside from the fact that the petitioner waived his right to challenge any sentence within the sentencing guidelines range,[3] his contentions lack merit for a number of reasons, which are addressed in turn.

---

[3] In fact, the petitioner received a sentence of 120 months, the statutory mandatory minimum, which is below the stipulated sentencing guideline range of 151-188 months.  (Sent. Tr. 15.)

11

First, the petitioner's Criminal History Category was not based in any way on his conviction in Colombia. Rather, the calculation relied solely on a 1993 conviction in the Southern District of Texas. (Plea Agreement 2; Sent. Tr. 12, 14.)

Next, the petitioner's claim, under Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), that his sentence was improperly based on facts proven by a preponderance of the evidence rather than beyond a reasonable doubt is without merit. The Apprendi court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Booker court reaffirmed this holding, explaining that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The petitioner's prior conviction is an express exception to Apprendi. Moreover, that conviction affected only the petitioner's Criminal History Category for purposes of the guideline sentence calculations. It did not increase the maximum possible penalty and thus, like other facts at sentence, it only required that the Government prove the fact by a

12

preponderance of the evidence.  See United States v. Irving, 554 F.3d 64, 72 (2d Cir. 2009) ("The burden of proving a fact relevant to sentencing is on the government, which must prove the fact by a preponderance of the evidence.") (internal quotation marks and citation omitted); United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives Booker.").

Finally, and most significantly, the petitioner was sentenced to the mandatory statutory minimum of 120 months imprisonment, and therefore no prior conviction could have had any effect on the sentence.  The Court explicitly stated that "[s]entencing at the mandatory minimum . . . removes any argument that the defendant has with respect to his prior conviction increasing his Criminal History Category."  (Sent. Tr. 15.)  As a result, the petitioner's claim that his sentence was improperly enhanced on the basis of any prior conviction is without merit and is **denied**.  See Jimenez v. United States, 262 F. Supp. 2d 85, 89-90 (S.D.N.Y. 2003) (finding that where the court departed downward and imposed the mandatory minimum sentence, defendant was not prejudiced by counsel's failure to challenge enhancement of his sentence); United States v. Zhang, No. 00 Civ. 2384, 2000 WL 1459835, at *2 (S.D.N.Y. Sept. 29, 2000) (explaining that because defendant "was sentenced to the

13

statutory minimum of ten years, removing [a] two level enhancement from her Guidelines calculation would not alter her sentence").

## CONCLUSION

For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **denied**. The Clerk is directed to enter judgment dismissing the petition and closing this case. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because the petitioner has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated:  New York, New York
        May 27, 2009

                                            /s/ John G. Koeltl
                                        John G. Koeltl
                                        United States District Judge